UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CROWLEY GOVERNMENT SERVICES, INC., | |
| Plaintiff, | Civil Action No. 21-cv-2298 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| GENERAL SERVICES ADMINISTRATION, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Crowley Government Services, Inc. ("Crowley"), initiated this action, invoking the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, seeking equitable relief to stop the General Services Administration and its Administrator (collectively, "GSA" or "defendants") from an ongoing practice of interfering with payments due plaintiff pursuant to a contract with the U.S. Transportation Command, a component of the U.S. Department of Defense ("DOD"). *See* Compl. ¶¶ 1–3, 108–37, ECF No. 1. Following remand by the D.C. Circuit, which reversed this Court's dismissal of the complaint for lack of subject matter jurisdiction, *see Crowley Gov't Servs., Inc. v. General Servs. Admin.*, 38 F.4th 1099, 1108 (D.C. Cir. 2022), defendants seek to stay this matter until the resolution of *Crowley Government Services, Inc. v. United States*, No. 21-cv-1405 (PEC), pending in the Court of Federal Claims. Defs.' Motion to Stay ("Defs.' Mot."), ECF No. 29. For the reasons set forth below, the motion to stay is denied and this case will proceed as expeditiously as practicable.

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Generally, however, "[c]onsiderations of comity and orderly administration of justice dictate that

1

two courts of equal authority should not hear the same case simultaneously," *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980), and instead "avoid duplicative litigation," *Colo. River*, 424 U.S. at 817. Thus, the D.C. Circuit has held that "where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first." *UtahAmerican Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1124 (D.C. Cir. 2012) (quoting *Wash. Metro.*, 617 F.2d at 830). This rule is not to be applied "mechanical[ly]," however, as "countervailing equitable considerations, when present, cannot be ignored." *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 627 (D.C. Cir. 1975).[1]

Here, the first-filed rule of *Wash. Metro.* does not apply, because this matter and the one pending before the Court of Federal Claims are simply not "the same case," and do not arise from the "same cause of action." *Wash. Metro.*, 617 F.2d at 830. The D.C. Circuit pointed out that the causes of action in this matter are "the statutes identified in Crowley's complaint"—the Transportation Act, Contract Disputes Act, and Administrative Procedures Act—where Crowley's "claimed right sounds more in the nature of tort, *not* by virtue of its contract with TRANSCOM." *Crowley Gov't Servs.*, 38 F.4th at 1108. The Court of Federal Claims matter, by

---

[1] The parties quibble over which standard is appropriate for the government's motion to stay. Crowley, citing cases involving parallel litigation before state and federal courts, argues that the Court may "exercise its discretion to decline jurisdiction for the purpose of judicial economy *only in truly 'exceptional circumstances*.'" *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 352 (D.C. Cir. 2003) (emphasis added) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 14 (1983)); Pl.'s Opp'n to Defs.' Mot. to Stay ("Pl.'s Opp'n") at 7–8, ECF No. 32. The government, by contrast, advocates for what it calls the "discretionary standard," which allows district courts greater discretion in determining whether to stay a case in the context of declaratory judgment actions. The government, too, only cites cases involving parallel state and federal matters to argue for this standard. Gov't's Reply Supp. Defs.' Mot. to Stay ("Gov't's Reply") at 2–3, ECF No. 33. This Court need not choose between these two square pegs for the instant round hole, where this Court does not decline to exercise jurisdiction, and the "abuse of discretion" review standard applies, *see UtahAmerican Energy*, 685 F.3d at 1123.

contrast, is a breach of contract case.  *See* Am. Compl. at ¶ 1, *Crowley Gov't Servs., Inc. v. United States*, No. 21-cv-1405 (PEC), ECF No. 8 (Fed. Cl. Aug. 26, 2021).

The evidence at issue in both cases also diverges substantially.  Whereas the Court of Federal Claims matter involves extensive discovery, the instant claims raise a question of statutory interpretation and can be decided on the administrative record.  *See Crowley Gov't Servs.*, 38 F.4th at 1108–09 ("[D]etermining whether the GSA infringed Crowley's rights as alleged in the complaint requires primarily an examination of the statutes the GSA has purportedly violated, not of Crowley's contract with TRANSCOM."); Pl.'s Opp'n to Defs.' Mot. to Stay ("Pl.'s Opp'n") at 11, ECF No. 32.  Viewed through the lens applied by the D.C. Circuit and apparent from comparison of the complaints pending in this Court and the Court of Federal Claims, the instant action and Claims Court matter are "far from being substantially the 'same case,' as is necessary for the first-filed rule to apply."  *Nat'l Indus. for Blind v. Dep't of Vet. Affairs*, 296 F. Supp. 3d 131, 139 (D.D.C. 2017) (quoting *UtahAmerican Energy*, 685 F.3d at 1124); *see also UnitedHealthCare Ins. Co. v. Price*, 255 F. Supp. 3d 208, 210 n.1 (D.D.C. 2017) (declining to apply the first-filed rule to federal district court cases with diverging causes of action).

Defendants' contention that the first-filed rule applies favoring a stay, because this matter and the matter pending before the U.S. Court of Federal Claims are "inextricably intertwined," Defs.' Mot. at 4, relies on a misapplication of D.C. Circuit precedent.  In so arguing, defendants cite *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346 (D.C. Cir. 2003), which held that "[i]f there is a question whether the two cases involve the same subject matter, and hence, should be litigated in a single forum, we use [FED. R. CIV. P.] 13(a) to answer the question." *Handy*, 325 F.3d at 350 (footnote omitted).  This rule makes counterclaims compulsory, requiring that

parties raise them in the instant litigation or forever lose the opportunity, when they "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "[do] not require adding another party over whom the court cannot acquire jurisdiction." FED. R. CIV. P. 13(a). Defendants urge that the two *Crowley* cases "arise out of the same 'transaction,'" Defs.' Mot. at 6, but FED. R. CIV. P. 13(a) cannot be logically applied in this context, where the two federal courts at issue are not "of equal authority." *Wash. Metro.*, 617 F.2d at 830. The Court of Federal Claims, an Article I tribunal granted limited jurisdiction by statute, does not have the authority to grant the broad injunctive relief that Crowley seeks in the instant case—let alone such relief against GSA, a governmental entity with which plaintiff is not in privity. *See* Gov't's Mot. to Dismiss at 8–9, ECF No. 7, No. 21-cv-1405 (PEC) (Fed. Cl. Aug. 9, 2021) (arguing that "the actions of one Government agency cannot give rise to a breach of contract claim against a different agency" (citing *Data Mktg. Co. v. United States*. 107 F. App'x. 187, 195 (Fed. Cir. 2004))). *See also Nat'l Indus. for Blind*, 296 F. Supp. 3d at 138 (declining to apply first-filed rule between cases in Claims Court and district court when they did not involve same "cause of action"); *Nat'l Veterans Legal Servs. Program v. United States*, No. 16-cv-745 (ESH), 2016 WL 7076986, at *3 (D.D.C. Dec. 5, 2016) (also declining to apply rule in context of related district court and Federal Claims actions).

Further, equitable considerations also weigh heavily against a stay of the instant litigation. The government claims that permitting this matter to proceed would "frustrate the goals (efficiency and justice) of the Court" and raise the specter of "inconsistent rulings" that would "detrimentally impact Defendants." Gov't's Mot. at 7. These concerns echo those raised by this Court in considering the jurisdictional issue, *see Crowley Gov't Servs., Inc. v. GSA*, No. 21-cv-2298, 2021 WL 4940953, *8, *12 (D.D.C. Oct. 22, 2021), and they were plainly

unpersuasive to the D.C. Circuit given the differences in the claims asserted in the two cases, *Crowley Gov't Servs.,* 38 F.4th at 1112 ("The fact that Crowley may obtain monetary relief from the United States in Claims Court if it succeeds in its suit against the GSA in district court 'is insufficient to deprive the district court of jurisdiction.'" (quoting *Smalls v. United States*, 471 F.3d 186, 190 (D.C. Cir. 2006)). The government had the chance to press its arguments before the D.C. Circuit to avoid this apparently unbearable hardship, but declined even to seek *en banc* review of the Appeals Court's decision to permit both matters to proceed in parallel. Now, it limply claims without explanation that the doctrines of res judicata and collateral estoppel cannot "substantially mitigate the risk of conflicting results." Gov't's Reply Supp. Mot. to Stay ("Gov't's Reply") at 6, ECF No. 33. To the extent that this matter incorporates the contract dispute before the Court of Federal Claims, however, the preclusion doctrines apply, because GSA, as a defendant in this suit, is in privity with the defendant in the other suit, the United States. *See Middleton v. U.S. Dep't of Labor*, 318 F. Supp. 3d 81, 87 (D.D.C. 2018) (holding that "federal agencies are in privity with the United States Government for purposes of *res judicata*" (citing *Mervin v. FTC*, 591 F.2d 821, 830 (D.C. Cir. 1978))). More broadly, the government's appeals to efficiency ring hollow in the context of this case, which arises entirely as a result of the U.S. Department of Defense ("DOD") and GSA holding a contractor hostage to their intragovernmental disagreements on implementation of and compliance with a DOD contract.

   In contrast, the plaintiff's potential hardship is severe. According to Crowley, GSA's actions have subjected this company to over "163,000 [Notices of Overcharges ("NOCs")], with more than $40 million seized, and GSA maintains that it has the sovereign right to issue new NOCs" with two years still remaining on Crowley's contract. Pl.'s Opp'n at 16. The

government contends that "[p]laintiff cannot claim any financial harm as GSA has agreed to stop seizing money until the Court of Federal Claims lawsuit is resolved," Gov't's Mot. at 7, but this is simply not so. The Tolling Agreement—which government counsel presumably read, as the government's own memorandum included the Agreement as an exhibit—only stays GSA's hand until November 19, 2022. *See* Gov't's Mot., Ex. C, Tolling Agreement at 1, ECF No. 29-3. By that time, the parties will not have finished even expert discovery in the Claims Court matter. *See* Scheduling Order, *Crowley Gov't Servs., Inc. v. United States*, No. 21-cv-1405 (PEC), ECF No. 14 (Fed. Cl. Nov. 10, 2021) at ¶ 4. The harm to plaintiff of continuing to await resolution of this intragovernmental disconnect over what Crowley's contract with DOD requires is severe, weighing the equitable considerations in favor of this Court exercising its jurisdiction without delay.

**I.     ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that defendants' Motion to Stay, ECF No. 29, is **DENIED.**

**SO ORDERED.**

Date: September 19, 2022

_____
BERYL A. HOWELL
Chief Judge